# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) ) ) ) ) ) ) ) ) ) | Case No. 1:07CR00020<br><br>**OPINION**<br><br>By: James P. Jones<br>United States District Judge |
| v. |  |  |
| **BRYANT KELLY PRIDE**, |  |  |
| Defendant. |  |  |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Bryant Kelly Pride, Pro Se Defendant.*

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010). Upon review of the record, I find that the motion is without merit and will accordingly deny relief.

I

Bryant Kelly Pride was arrested on March 7, 2007, by law enforcement officers in a gas station parking lot during a drug "buy-bust" operation, with the assistance of a confidential informant ("CI"). The CI called Pride and arranged to meet him at the lot to buy drugs from him. An officer searched the CI before the transaction and found no drugs in her possession. As police watched from a distance, the car in which

Pride was the front seat passenger arrived and the CI got into the back seat. After a few minutes, police converged on the car and removed the driver, Pride, and the CI. Around the front passenger seat area, investigators found a set of digital scales and marked bills from the buy money given to the CI. The CI turned over to police two bags of drugs, one containing 13.4 grams of crack cocaine and one containing 11 grams of powder cocaine.

At the police station, officers advised Pride of his *Miranda* rights and questioned him. Pride stated that he thought police had done a good job that night and that he had prior drug trafficking convictions. When asked if he had any drugs on him, Pride produced a large plastic bag containing 55.8 grams of cocaine base and another bag containing 10.4 grams of cocaine.

A grand jury of this court returned an Indictment charging that Pride intentionally possessed with the intent to distribute and distributed more than 50 grams of cocaine base. After the one-day trial, a jury found Pride guilty.

At a sentencing hearing on October 5, 2007, I found that Pride's prior drug felony convictions qualified him for a mandatory life sentence under 21 U.S.C.A. § 841(b)(1)(A) (West Supp. 2010) and imposed that penalty. The United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence. *United States v. Pride*, 317 F. App'x 380 (4th Cir. 2009).

In his § 2255 motion, Pride alleges twelve grounds for relief on eight issues:[1] (1) in enhancing the sentence under § 841(b)(1)(A), the court relied on prior convictions that did not qualify as felony drug offenses, and counsel failed to object (grounds 1, 2, and 5); (2) the court's denial of the defendant's motion for continuance on the day of trial violated due process, and counsel argued this issue ineffectively at trial (grounds 3 and 6); (3) the trial judge made a prejudicial statement, and appellate counsel was ineffective in failing to raise the issue (ground 4); (4) the court erred in admitting statements the defendant made to police, and counsel failed to move for suppression (grounds 7 and 10); (5) the defendant was denied the right to cross examine the confidential informant (ground 8); (6) the wording of the verdict form differed fatally from the wording of the Indictment, and counsel failed to object (ground 9); (7) the trial court erred in applying the Career Offender guideline (ground 11); and (8) the government wrongfully suppressed the DEA agent's notes from the post-arrest interview (ground 12).

---

[1] Pride also has a § 2255 motion pending in Case No. 1:08CR00024, a separate drug trafficking prosecution in which he was sentenced to 360 months imprisonment.

II

In a § 2255 motion, the defendant bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Where the defendant's motion, when viewed against the record, does not state a claim for relief, the court should summarily dismiss the motion. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970).

A. PROCEDURAL DEFAULT.

A § 2255 motion cannot substitute for appeal. Where a petitioner in § 2255 proceedings attempts to raise new claims that could have been raised on appeal, district court review of such issues is barred absent a showing of cause and prejudice or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). A § 2255 motion also cannot recast claims already addressed on appeal. Once an issue has been fully considered and decided by a court of appeals, the defendant cannot relitigate the issue before this court under § 2255. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

Pride's claims alleging trial error could have been raised on direct appeal. Accordingly, to the extent they were not raised in the appeal, such claims are procedurally defaulted under *Bousley*, and this court may not consider them on the merits unless Pride demonstrates cause for the default and resulting actual prejudice.

523 U.S. at 622. A defendant can show cause by demonstrating that counsel's actions in response to such trial errors violated his constitutional right to effective assistance of counsel. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

Pride argues ineffective assistance as to many of the alleged trial errors. The government argues that Pride's claims of ineffective assistance of counsel are themselves procedurally defaulted, because Pride failed to raise these claims on direct appeal. I must reject this argument. It is well established that a federal inmate may bring an ineffective assistance claim in § 2255 proceedings whether or not he could have raised the claim on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also United States v. King,* 119 F.3d 290, 295 (4th Cir. 1997) (finding that claims of ineffective assistance of counsel should be raised in a § 2255 motion, and not on direct appeal, unless the appellate record conclusively shows that counsel was ineffective). Therefore, I find that Pride's ineffective assistance claims are not procedurally barred, based on his failure to present them on appeal.

However, for the reasons stated below, I find that Pride fails to demonstrate any constitutional claim of ineffective assistance. Thus, these claims cannot serve as cause to excuse his defaulted trial error claims. He fails to show any other cause or prejudice or actual innocence. Accordingly, I will deny relief on such claims.

## B. CLAIMS OF INEFFECTIVE ASSISTANCE.

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, a defendant must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. *Id.* at 687-88. The defendant must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. *Id.* at 689.

Second, to show prejudice, the defendant must demonstrate a "reasonable probability" that but for counsel's errors, the outcome would have been different. *Id.* at 694-95. If it is clear that the defendant has not satisfied one prong of the *Strickland* test, the court need not inquire whether he has satisfied the other prong. *Id.* at 697.

1. Prior Convictions.

Section 841(b)(1)(A) provides that any person convicted under this section who has been convicted of two prior felony drug offenses shall receive a mandatory life sentence without parole. The term "'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United

States or of a State . . . that prohibits or restricts conduct relating to narcotic drugs." *United States v. Burgess*, 478 F.3d 658, 659-62 (4th Cir. 2007) (adopting 21U.S.C.A. § 802(44) (West Supp. 2010) definition of "felony drug offense" as the definition to be used in interpreting "felony drug offense" in 21 U.S.C.A. § 841(b)(1)(A)).

The federal sentencing court need not consider whether a particular defendant personally was or could have been subject to the statutory maximum sentence on a prior state conviction. Rather than applying such an individualized analysis to determine whether a conviction is a crime punishable by a prison term exceeding one year for purposes of recidivist sentence enhancement, the court must "consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." *United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005) (citing *United States v. Jones*, 195 F.3d 205 (4th Cir. 1999)). While *Harp* and *Jones* were not construing § 802(44), they were interpreting similar language in other sentencing contexts. Moreover, they have been applied to § 802(44). *See United States v. Jones*, 270 F. App'x 268, 269-70 (4th Cir. 2008) (unpublished).

Pride had two prior North Carolina convictions for possession of cocaine with intent to distribute in violation of N.C. Gen. Stat. 90-95(d)(2). He faults trial and appellate counsel for failing to argue that these convictions did not qualify as felony

drug offenses because: (a) as to the 1998 conviction, his sentence was only six to eight months, and (b) the sentence of 16 to 20 months on the 2001 conviction resulted from consolidating the possession offense with other offenses for sentencing purposes.

Counsel had no legal ground for the proffered objection. Under the North Carolina sentencing scheme, a violation of section 90-95(d)(2) is to be punishable as a Class I felony, for which the maximum term of imprisonment is 15 months. *See* N.C. Gen. Stat. §§ 15A-1340.17(d). Because each of Pride's offenses under section 90-95(d)(2) was punishable, in the most aggravated case, by a maximum sentence of 15 months, each offense qualified as one punishable by more than one year under the definition in § 802(44). *Harp*, 406 F.3d at 246. Consequently, each of them was properly counted for purposes of enhancement under § 841(b)(1)(A). This finding is not affected by the state court's imposition of a sentence of less than one year or its determination to consolidate offenses for sentencing.

Pride thus fails to demonstrate any ground on which counsel could have objected to the use of these two convictions to support the enhancement under § 841(b)(1)(A). As counsel's failure to raise an unsupported objection can be neither deficient performance nor prejudicial under *Strickland*, I must deny relief on Claims 1, 2, and 5.

2. Denial of Continuance.

Just before trial, Pride filed a Motion for Continuance, based on the newly disclosed evidence that the CI, in working with law enforcement authorities in another drug buy, had attempted to keep for her own use some of the drugs she had purchased in the buy. The prosecutor responded that he had only discovered the information about the CI's misbehavior during trial preparations at 6:00 p.m. on the evening before trial. Under the circumstances, he proffered that he would not call the CI as a witness or rely upon any statement that she had made related to the buy from Pride. I denied the Motion for Continuance.

Pride argued on appeal that the court erred in denying his Motion for Continuance because it was necessary for the defense to explore the implications of this new evidence about the confidential informant's unreliability in other cases. 317 F. App'x at 381. The court of appeals affirmed, finding that

> there was no abuse of discretion. The jury was not required to assess the informant's credibility because she did not testify. Nor did the delay deprive Pride of an adequate opportunity to use the information at trial, as demonstrated by counsel's effective cross-examination of a law enforcement witness during which he argued that the informant was unreliable. Finally, the evidence against Pride was overwhelming and he cannot establish that if the information had been disclosed earlier, there is a "reasonable probability" of a different result.

*Id.* at 381-82. Once an issue has been fully considered and decided by the court of appeals, the defendant cannot relitigate the issue under § 2255. *See Boeckenhaupt*, 537 F.2d at 1183.[2]

Because I am bound by the court of appeals' finding that denial of the continuance for further defense investigation did not violate the defendant's rights, I must deny relief as to the trial error aspects of grounds 3 and 6. Pride's mere speculation that testimony would have been favorable is insufficient to show any reasonable probability that but for counsel's failure to file such a motion, the outcome at trial would have been different. As the Fourth Circuit noted, the evidence against Pride was "overwhelming." 317 F. App'x at 381. Because the ineffective assistance

---

[2] In arguing that denial of the continuance violated his rights, Pride also mentions having inadequate time to investigate an expert witness that the government disclosed just before trial. To the extent that he argues this issue as trial error, it is procedurally defaulted because he failed to raise it on appeal. *Id.*

This expert witness claim also fails as an ineffective assistance claim under both prongs of *Strickland*. On the day before trial, the prosecutor provided defense counsel with a summary of expected expert testimony by Todd Brewer of the Drug Enforcement Administration, concerning production, use, and distribution of crack cocaine in Southwest Virginia. Counsel moved to exclude this expert testimony based on the government's delay in providing the summary. I granted this motion in part and excluded any testimony from the DEA agent that the amount of drugs seized in Pride's case was inconsistent with mere drug use. Counsel did not include the expert witness argument in support of the Motion for Continuance. Pride fails to demonstrate, however, that this strategic decision was unreasonable, particularly inasmuch as counsel's tactic succeeded in suppressing potentially damaging expert testimony. Pride also fails to show any reasonable probability that presenting the expert testimony argument would have resulted in a different ruling on the continuance motion or in the trial itself.

claim in ground 6 thus fails under the prejudice prong of *Strickland*, I must deny relief on this ground.

3. Judicial Bias.

In ground 4, Pride alleges that at some unspecified point during the trial, I stated that "if Bryant Pride wasn't guilty of this he must be guilty of something." (ECF No. 94, at p. 11.) According to Pride, trial counsel called the comment an "overt statement" in response to the attorneys' wrangling over a legal issue, and appellate counsel advised him that the statement did not appear in the transcript. Pride asserts that his attorneys should have argued that my alleged statement was omitted from the transcript and that it demonstrated my prejudice against him.

Judicial remarks during trial support a bias or partiality challenge only if the judge's comments "reveal an opinion that derives from an extrajudicial source" or "if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Pride offers no evidence that my comment reflected influence from any extrajudicial source or indicated any personal antagonism on my part against him of a degree that affected my ability to maintain impartiality in my rulings. Moreover, jurors determined Pride's guilt, not I, and had substantial evidence from which to make that finding of guilt.

Thus, even if Pride could prove that the statement was made,[3] he fails to show any reasonable probability that an objection to the statement would have resulted in a different trial outcome. His ineffective assistance claim fails under the prejudice prong of *Strickland*, and I must deny relief as to ground 4.

    4. Defendant's Prior Statements.

Counsel filed a Motion in Limine to exclude testimony about Pride's past convictions or prior drug activity unless the defendant testified. I agreed with the government's arguments that the defendant's statements were admissible under Federal Rule of Evidence 404(b) because they established his knowledge of the possession of the controlled substances and that he did not act by accident or mistake. Accordingly, I denied the defendant's motion, admitted the testimony about his statements, and gave a limiting instruction that jurors should consider the statements only in assessing the defendant's knowledge or intent and not as any indication that he had acted in conformity with his past criminal acts.[4]

---

[3] I do not recall making such a statement and there is no support for Pride's claim that the transcript is somehow inaccurate in this regard.

[4] *See United States v. Sanchez*, 118 F.3d 192, 195 (4th Cir. 1997) (allowing admission of evidence of the defendant's prior dealings under Rule 404(b) to show that he was not an "unwitting" participant in charged drug conspiracy).

To the extent that Pride now argues that my denial of his motion to exclude the statements about his prior convictions was error, his claim is procedurally barred because he failed to raise it on appeal.[5] Therefore, I will deny relief on ground 7.

In ground 10, Pride apparently asserts that counsel should have moved instead to suppress the defendant's post-arrest statements as illegally obtained. In support of this claim, Pride alleges that before making any statements, he asked the officers, "May I call my lawyer?" He claims that officers continued to question him and then elicited the statements about his prior convictions.

Once a suspect has "expressed his desire to deal with the police only through counsel," police cannot question him further until counsel is present, "unless the accused himself initiates further communication, exchanges, or conversations with the police." *Edwards v. Arizona*, 451 U.S. 477 484-85 (1981). The suspect's invocation of the right to counsel must unequivocally indicate that he wants to talk to an attorney before answering questions. *Poyner v. Murray*, 964 F.2d 1404, 1410 (4th Cir. 1992).

Counsel made a strategic decision to file the Motion in Limine as a means of excluding Pride's statements about his prior convictions. Pride's own allegations also indicate that counsel believed a Motion to Suppress would have been difficult to

---

[5] *Bousley*, 523 U.S. at 622.

prove.⁶  Counsel also challenged the reliability of the detective's testimony about Pride's statements by questioning him about his failure to bring his notes to trial, his decision not to record or videotape the interview with Pride, and his failure to give Pride a *Miranda* waiver form to sign.  Ordinarily, a habeas court cannot second-guess defense counsel's reasonable trial strategy decisions.  *Strickland*, 466 U.S. at 689.

Moreover, I find that Pride cannot show how counsel's failure to move for suppression of his statements resulted in prejudice under *Strickland*.  As the Fourth Circuit indicated, the evidence against Pride was overwhelming.  On the night of his arrest, Pride had more than 50 grams of cocaine base secreted in his pants, along with hundreds of dollars in cash in his pockets; police found scales, additional money and drugs in the car, and the CI exchanged the buy money for drugs while in the car. Moreover, Pride's statements did not constitute admission to the particular act for which he was charged and were not necessary to support a finding of guilt.⁷  Based on the foregoing, Pride cannot show a reasonable probability that suppression of his post-

---

⁶ Pride points out that counsel failed to move for discovery of the interviewing detective's notes.  He fails to demonstrate, however, that these notes still existed.  *United States v. Hinton*, 719 F.2d 711 (4th Cir. 1983) (finding no Jencks Act requirement that government preserve agent's rough interview notes that have been incorporated into formal report).

⁷ DEA agent Snedeker testified that Pride stated during his post-arrest interview that he had multiple prior cocaine trafficking offenses, that police had done a good job, that they had caught him, that he was not going to cooperate with them against anyone he knew, that he was ready to go to jail, and that realized he would be doing federal prison time.

arrest statements would have resulted in a different outcome at trial. Thus, his ineffective claim fails under *Strickland*, and I must deny relief.

    5. Confrontation of an Adverse Witness.

The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." *Crawford v. Washington*, 541 U.S. 36, 42 (2004). Pride now claims that the government's failure to call the CI as a witness at trial deprived him of the right to cross-examine her.

Because Pride did not raise this claim on appeal, it is procedurally barred from review under § 2255.[8] In any event, because the CI did not testify against him, his inability to cross-examine her at trial did not violate his constitutional rights. Therefore, I must deny relief on ground 8.

    6. Verdict Form Variance.

Count One of the Indictment charged that Pride "knowingly and intentionally possessed with the intent to distribute *and* distributed fifty grams or more" of cocaine base (emphasis added). (ECF No. 3.) The verdict form read as follows: "We, the jury, unanimously find . . . Count One: Possession with intent to distribute *or*

---

    [8] *Bousley*, 523 U.S. at 622.

distribution of cocaine base or cocaine" (emphasis added).[9]  (ECF No. 36.)  Pride asserts that changing "and" to "or" on the verdict form effected a constructive amendment, because it changed the nature of the offense conduct that the jurors had to find from the evidence in order to convict.  Pride argues that trial counsel should have objected to the verdict form on this ground.

Counsel had no legal basis on which to raise this objection.  "The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged." *See Turner v. United States*, 396 U.S. 398, 420 (1970).  In fact, where the evidence at trial sustains the charge only as to one of several types of conduct listed in the indictment, the trial judge may lawfully withdraw from the jury's consideration unnecessary wording in the charge as to the other types. *United States v. Miller*, 471 U.S. 130, 136-37 (1985).

Because the evidence clearly supported a finding of guilt on the charge that Pride possessed at least 50 grams of cocaine base with the intent to distribute, the variance in the wording between the Indictment and the verdict form was not fatal and did not violate Pride's constitutional rights in any way.  Thus, counsel's failure to

---

[9] The verdict form also included separate check boxes by which the jurors could indicate a finding that the offense involved 50 grams or more of cocaine base or less than 50 grams of the drug.

raise an objection to the verdict form was neither deficient representation nor prejudicial under *Strickland*, and I must deny relief as to ground 9.

7. Career Offender Questions.

Pride complains that some of the prior convictions listed in his Presentence Investigation Report ("PSR") were related and should not have qualified him as a Career Offender under § 4B1.1. This claim is procedurally barred, because it was not raised on appeal.[10] In any event, it has no merit. Although the PSR made guideline calculations under the Career Offender provision and the crack cocaine guideline, the sentencing range was ultimately determined by the enhancement provision in § 841(b)(1)(A), which subjected Pride to a mandatory life sentence, based on his prior felony drug offenses. I must deny relief as to ground 11.

8. Interview Notes.

In his last ground for relief, Pride asserts that in response to his discovery motion, he was entitled to disclosure of the notes agents took during his post-arrest interview. He speculates that the notes might have contained exculpatory or impeaching evidence that he could have used in his defense. Because this claim was

---

[10] *Bousley*, 523 U.S. at 622.

not raised on appeal, it is procedurally barred from review under § 2255.[11]  I will deny relief accordingly as to ground 12.

III

For the stated reasons, I will grant the Motion to Dismiss and deny relief on Pride's § 2255 claims.

A separate Final Order will be entered herewith.

DATED: January 25, 2011

/s/ JAMES P. JONES
United States District Judge

---

[11] *Id.*