# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON  DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:07CR00020 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **BRYANT KELLY PRIDE,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Bryant Kelly Pride, Pro Se Defendant.*

On October 5, 2007, I sentenced defendant Bryant Kelly Pride to life imprisonment, and on January 25, 2011, I dismissed Pride's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  *United States v. Pride*, No. 1:07CR00020, 2011 WL 251211 (W.D. Va. Jan. 25, 2011), *appeal dismissed*, 440 F. App'x 184 (4th Cir. 2011) (unpublished).  More than four years later, Pride has filed a pro se motion captioned, "Motion for Void Judgment under Fed. R. Civ. P. 60(b)(4) . . . ." (ECF No. 170), arguing that in dismissing his § 2255 motion the court failed to address all the arguments of actual innocence presented in the motion.

A Rule 60(b) motion that seeks to remedy some defect in a prior collateral review process should be deemed a "proper" motion to reconsider.  *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).  However, a Rule 60(b) motion

that seeks to add a new ground for collateral relief is in fact a second or successive collateral attack, regardless of how the motion is captioned. *Calderon v. Thompson*, 523 U.S. 538, 554 (1998).

Pride's Rule 60(b) motion is untimely filed by several years, Fed. R. Civ. P. 60(c)(1), and moreover, his contention that the prior Opinion failed to address claims of actual innocence is incorrect. The court explicitly stated that "[Pride] fails to show any . . . actual innocence." *Pride*, 2011 WL 251211 at *2. Consequently, Pride's current claim has no merit. To the extent Pride argues again that his actual innocence warrants vacating his sentence, the motion falls squarely within the class of motions that must be construed as a new § 2255 motion. Because Pride fails to establish that the United States Court of Appeals for the Fourth Circuit has authorized him to file a successive § 2255 motion, the construed § 2255 motion must be dismissed without prejudice as successive pursuant to 28 U.S.C. § 2255(h).

DATED: June 15, 2015

/s/ James P. Jones
United States District Judge